# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| LIGHTCAST INC., <br><br> *Plaintiff* <br><br> v. <br><br> LIGHTCAST INC., CROSS MEDIA CORPORATION, CROSS:MEDIA GROUP, and JOHN DOES 1-10. <br><br> *Defendants.* | **Civil Action No. 3:14-cv-0418-RJC-DSC** |

## STIPULATION AND ORDER REGARDING E-DISCOVERY

Plaintiff Lightcast Inc., and the Defendants in Civil Actions 3:14-cv-0418-RJC (collectively, the "stipulating parties"), subject to the Court's approval, hereby agree as follows:

1. This Order is intended to streamline the production of documents (defined herein to include ESI and non-ESI information) to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding a proposed modification, the parties shall submit their competing proposals to the Court in accordance with the Court's discovery dispute procedures.

3. Documents shall be produced as Bates-numbered images on external hard drives, readily accessible computer(s), or other electronic media, such as optical discs ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001", "VOL002"). Each piece of production media shall also identify: (1) the producing party's name; (2) the production date; and (3) the Bates Number range

of the materials contained on the Production Media. A party may also produce documents via FTP transfer. If a party cannot access or process documents produced by FTP transfer, the party may request and the producing party will provide such production by Production Media.

4. To the extent practicable, each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Flash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.

5. A party is only required to produce a single copy of a responsive document and a producing party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level).

6. Format. To the extent practicable, the parties shall produce their documents in one of the following formats: single page TIFF images and associated multi-page text files containing extracted text or OCRd, with Concordance or Summation load files (as designated by the receiving party) containing all requisite information; or multi-page PDF files. In the event that production of a document in TIFF image or PDF file format is impracticable, the Producing Party shall have the option of producing such document in native format. In the event that the Receiving Party cannot practicably process documents produced in PDF file format, the Parties shall meet and confer accordingly.

7. General document production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To the extent a party believes that email will contain relevant non-duplicative information after considering the non-email documents produced or to be produced, the parties agree to meet and

confer in good faith prior to any request for email being made as to whether good cause exists for the production of such email.

8. In addition to the documents described forth in paragraph 7, the following document types are not discoverable except upon a showing of good cause:

    a. Recorded telephone messages, including voice-mail;

    b. Instant messaging communications and Skype communications;

    c. Back-up tapes, disks, SAN, or other long-term storage media that were created primarily for use as a data back-up medium;

    d. Residual, fragmented, damaged, permanently deleted, and/or unallocated data;

    e. Temporary data stored in a computer's random access memory;

    f. Server activity logs;

    g. Metadata; and

    h. Documents stored in any of the following locations:

        i. Personal digital assistants;

        ii. Mobile phones;

        iii. Smart phones; or

        iv. Videotapes or cassettes.

9. The receiving party shall not use documents that the producing party asserts are attorney-client privileged or work product protected to challenge the privilege or protection. The mere production of documents in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

10. The stipulating parties agreed to and approved the provisions of this Order on May 1, 2015.

**SO ORDERED**.

Signed: May 7, 2015

David S. Cayer
United States Magistrate Judge

/s/ Xiyan Zhang
Xiyan Zhang (Admitted Pro Hac Vice)
150 Monument Road Ste. 207
Bala Cynwyd, PA 19004
Tel: 215-395-8756
Fax: 610-446-8841
Email: xzhang@globaliplawfirm.com

Kao H. Lu Admitted Pro Hac Vice)
Ryder, Lu, Mazzeo & Konieczny, LLC
1425 E. Darby Road
Havertown, PA 19083
Tel: 610-446-2563
Fax: 610-446-8841
Email: klu@ryderlu.com

Cynthia Earline Everson
Diener Law
209 E. Arlington Blvd.
Greenville, NC 27858
Tel: 252-653-5023
Fax: 866-948-8268
Email: cynthia_everson@nclawfirm.net

*Counsel for Plaintiff Lightcast Inc.*

Matthew J. Ladenheim (N.C. Bar No. 29309)
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Phone: 704-599-8911
Fax: 704-599-8719
Email: mjl@thl-iplaw.com

*Counsel for Defendants Lightcast, Inc.
and Cross Media Corporation*